**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JASWINDER SINGH, | No. 09-73626 |
| Petitioner, | Agency No. A088-590-803 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 19, 2011[**]

Before:    GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

Jaswinder Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the new standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and we deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on Singh's admission that he filed a false Canadian asylum application, *see Singh v. Holder*, 638 F.3d 1264, 1272 (9th Cir. 2011) ("[L]ies and fraudulent documents when they are no longer necessary for the immediate escape from persecution do support an adverse inference."), and multiple unexplained inconsistencies in the record regarding significant aspects of his claim, including his wife's beating by police, his father's 2006 arrest, and the number of times police raided his home between June and August 1988, *see Shrestha*, 590 F.3d at 1045-48 (adverse credibility determination was reasonable under the REAL ID Act's "totality of the circumstances"). We lack jurisdiction to consider Singh's new challenges to the IJ's adverse credibility determination, because he failed to raise these before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (this court lacks jurisdiction to review contentions not raised before the

BIA).  In the absence of credible testimony, Singh's asylum and withholding of removal claims fail.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, because Singh's CAT claim is based on the same testimony found to be not credible, and he points to no other evidence that shows it is more likely than not he would be tortured if returned to India, his CAT claim also fails.  *See id*. at 1156-57.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**